# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERNIE NEGRONI,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | No. 3:16-cv-908 (SRU) |

## RULING ON PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On June 13, 2016, Ernie Negroni filed a petition to vacate, set aside, or correct his sentence under section 2255 of Title 28 of the United States Code ("section 2255"). *See* Mot. to Vacate (doc. # 1). In his petition, Negroni claims that the sentence he received is invalid because it was based, at least in part, on an improper calculation of the United States Sentencing Guidelines ("Guidelines"). Specifically, Negroni argues that his trial counsel was ineffective for failing to object to a provision in Negroni's presentence report ("PSR") that documented a 2005 criminal conviction used to calculate his criminal history score. Negroni contends that the 2005 conviction had been vacated and thus could not factor into his criminal history score. The failure of his counsel to object to that provision in the PSR amounted to constitutionally ineffective assistance of counsel. Negroni argues that he was prejudiced by such ineffective assistance because the failure to object resulted in a criminal history score that was three points higher than it would otherwise have been, which resulted in him being placed into Criminal History Category IV instead of Criminal History Category III. That, he alleges, resulted in an increased Guidelines range and an increased term of incarceration.

The government argues that the petition must be denied because, as a part of his plea agreement, Negroni waived his right to collaterally attack his sentence. In the event that Negroni

has not waived that right, the government contends that the petition should be denied because Negroni has no factual basis for his contention that his 2005 conviction was vacated.

For the reasons set forth below, the petition is denied.

I.  **Standard of Review**

Section 2255 provides a prisoner in federal custody an opportunity to challenge the legality of his or her sentence. To obtain relief under section 2255, the petitioner must show that his or her prior sentence was invalid because: (1) it was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) it exceeded the maximum detention authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The standard is a high one; even constitutional errors will not be redressed through a section 2255 petition unless they have had a "substantial and injurious effect" that results in "actual prejudice" to the petitioner. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal citations omitted); *Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999) (applying *Brecht*'s harmless error standard to section 2255 petition).

II.  **Background**

On August 1, 2013, a grand jury returned an indictment charging Negroni with: (1) dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); (2) interstate transfer of firearms, in violation of 18 U.S.C. § 922(a)(5); (3) unlawful possession of firearms by a felon, in violation of 18 U.S.C. § 922(g)(1); and (4) unlawful possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). On February 3, 2014, in accordance with a written plea agreement, Negroni pleaded guilty to Count Three of the indictment, charging him with the unlawful possession of firearms. As a part of his plea agreement, Negroni agreed to

waive any right he may have to appeal his sentence or conviction, or to collaterally attack that sentence or conviction. The relevant portion of the plea agreement provided:

> The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence does not exceed **87** months' imprisonment, a **3-year** term of supervised release, and a $100,000 fine, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

Plea Agreement, *United States v. Negroni*, No. 3:13-cr-152 (SRU) (doc. # 40) (emphasis in original).

During the plea hearing, I reviewed the appeal waiver provision of the agreement and I confirmed with Negroni that he understood the rights he was relinquishing as part of the agreement. I explained to him the parties' agreement with respect to his criminal history score (and resulting Criminal History Category), the proposed Guidelines calculation, and the recommended sentencing range. Change of Plea Hr'g Tr. at 16, 17, 24, *United States v. Negroni*, No. 3:13-cr-152 (SRU) (doc. # 49). I also explained that I was not bound to accept the parties' proposed calculations and that Negroni's appeal waiver would be enforceable even if I imposed a sentence upon an analysis different from what is in the plea agreement. *Id.* at 25. After describing the plea agreement, I asked Negroni if there was anything in that agreement that surprised him or was different from what he thought it said. Negroni did not raise any issues

3

with the agreement and confirmed that I had accurately read the agreement into which Negroni wished to enter.

After I confirmed that Negroni understood the terms of the agreement, the parties executed the agreement. I also made a finding that Negroni was fully competent and capable of entering an informed plea, he was aware of the terms of the agreement, and was knowingly and voluntarily waiving certain rights and pleading guilty to the offense. *Id.* at 36–37.

Thereafter, a PSR was prepared by the U.S. Probation Office. The PSR calculated Negroni's Guidelines range to be 70 to 87 months of imprisonment based on a total offense level of 23 and a Criminal History Category of IV. PSR at ¶ 95, *United States v. Negroni*, No. 3:13-cr-152 (SRU) (doc. # 30). Negroni's Criminal History Category was based in part on a 2005 conviction of sale of narcotics. *Id.* at ¶ 41. The PSR states that he was sentenced for the 2005 conviction on August 25, 2005, was released to community release on October 24, 2007, was put on parole supervision on January 16, 2008, was discharged to special parole supervision on August 22, 2008, and "was discharged by Court order on March 6, 2009." *Id.*

On June 25, 2014, I held hearing in which I adopted the factual findings of the PSR and sentenced Negroni to 72 months' imprisonment, three years' supervised release, and a $100 special assessment. The sentence I imposed was within the parameters of the appeal waiver provision of the plea agreement.

On July 3, 2014, Negroni filed a timely notice of appeal. The notice was followed by an *Anders* brief filed by Negroni's appellate counsel and a *pro se* brief filed by Negroni. The *Anders* brief stated that Negroni's appellate counsel had no non-frivolous grounds to support an appeal based on the existence of the appeal waiver. The *pro se* brief challenged his sentence on the ground that I committed plain error by relying on his 2005 conviction, which he alleged had

4

been vacated by the state court. Negroni also brought an ineffective assistance claim, arguing that trial counsel was ineffective for "failing to properly argue the 'exclusion' of that 2005 vacated sentence from the defendant's criminal history category during sentencing." Gov't Opp'n to Mot. to Vacate, Ex. A at 5, *Negroni v. United States*, No. 3:16-cv-908 (SRU) (doc. # 4-1).

On April 24, 2015, acting on the government's motion, the United States Court of Appeals for the Second Circuit dismissed Negroni's appeal. The Second Circuit held that dismissal was appropriate because Negroni "has not demonstrated that the waiver of his appellate rights is unenforceable under *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)." Mandate of USCA, *United States v. Negroni*, No. 3:13-cr-152 (SRU) (doc. # 54).

On June 13, 2016, Negroni filed the instant section 2255 petition, making substantially the same claims that were raised in his *pro se* brief in support of his appeal of his conviction. Attached to the petition is a letter from the State of Connecticut Records Center Superior Court, which Negroni argues substantiates his claim that his 2005 conviction was vacated. Mot. to Vacate at 22. The letter states that "[t]here is nothing in this file under the dates of August 25, 2005 or March 6, 2009, [stating] that your case was vacated, dismissed or discharged. If you believe any of these actions occurred you need to take that up with the New Haven Court Clerk's Office." *Id.*

On July 18, 2016, the government filed an opposition to the petition, arguing that the petition lacks merit and was improperly filed in contravention to Negroni's appeal waiver. The government points to the Second Circuit dismissal of Negroni's appeal as evidence that Negroni has validly waived his rights to collaterally attack his sentence. Even if Negroni had not waived that right, the government argues that the petition lacks merit because there is nothing to indicate

that Negroni's 2005 conviction had been vacated and was improperly used to enhance Negroni's Criminal History Category under the Guidelines.

## III. Discussion

In his section 2255 petition, Negroni contends that his sentence was imposed in violation of U.S.S.G. § 4A1.2(j) because it was based, in part, on the existence of a prior conviction that had been vacated prior to sentencing. Negroni also argues that his counsel rendered ineffective assistance by failing to object to the use of the prior conviction at sentencing. Because Negroni signed an appeal waiver as a part of his plea agreement, I must first consider whether his allegations are sufficient to overcome such waiver. If Negroni cannot overcome the existence of an appeal waiver, I cannot consider the merits of the claims.

### A. Appeal Waiver

The parties do not dispute that Negroni entered into a plea agreement that contained an appeal waiver. The parties further agree that the appeal waiver was triggered when Negroni was sentenced within the agreed-upon Guidelines range. "It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998). A defendant who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence may not, under any circumstance, appeal the merits of a sentence conforming to the agreement. *Id.* at 107 (internal citations omitted).

Negroni argues that his trial counsel rendered ineffective assistance at sentencing when counsel failed to object to the PSR's calculation of the Guidelines, which relied on a 2005 conviction that Negroni claims had been vacated. That claim is foreclosed by the Second Circuit's decision in *Djelevic*, which prohibited the defendant from challenging the correctness

of his sentence under the guise of a claim that his counsel was ineffective for failing to object at sentencing to its imposition. *See id.* ("[D]espite [the defendant's] effort to dress up his claim as a violation of the Sixth Amendment, [he] in reality is challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government.").

Negroni's failure to allege that he received ineffective assistance of counsel in connection with the plea proceeding itself would ordinarily prohibit him from bringing any collateral claims. *See Djelevic*, 161 F.3d at 107 (petitioner may not challenge effectiveness of his attorney at sentencing if he executed valid appeal waiver and was sentenced within the agreed-upon Guidelines range); *D'Andrea v. United States*, 2009 WL 248025, at *4 (D. Conn. Feb. 3, 2009) (petitioner foreclosed from bringing ineffective assistance claim when, based on the record, it was clear that he knowingly and voluntarily waived his right to appeal or collaterally attack his sentence). Negroni, however, is proceeding *pro se*, and I accordingly construe his petition liberally and interpret it to raise the strongest argument it suggests. *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

If, as Negroni contends, his 2005 conviction was in fact vacated, it is possible that his trial counsel was ineffective for failing to uncover that fact and explain its significance to Negroni in connection with counsel's advice on whether to enter into the plea agreement. *See United States v. Ritter*, 2017 WL 2704469, at *2 (2d Cir. June 23, 2017) (citing *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008)) ("ineffective assistance of counsel claim survives the appeal waiver only where the claim concerns 'the advice [the defendant] received from counsel.'") (internal alterations in original). In *Ritter*, the Second Circuit considered a defendant's challenge to the calculation of his Criminal History Category notwithstanding the

7

fact that the plea agreement contained an appeal waiver. *Id.* The Court held that the defendant's ability to challenge the sentencing court's Guidelines calculation, which it noted was "the real gravamen of his appeal," rested "on the advice he received from counsel in the process of accepting his plea." *Id.* Similarly, Negroni may overcome an otherwise valid appeal waiver by raising an ineffective assistance of counsel claim with respect to the advice he received before entering into the plea agreement.

    B. <u>Ineffective Assistance of Counsel</u>

A petition raising ineffective assistance of counsel will not be granted unless the petitioner can show (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To satisfy the performance prong, the petitioner must show that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the prejudice prong, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In claims of ineffective assistance with respect to the decision to enter into a plea agreement, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"Section 2255 requires a hearing to resolve disputed issues of fact 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)). A hearing is not warranted if the petitioner cannot "set forth specific

8

facts which he is in a position to establish by competent evidence." *Id.* "Moreover, a district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009). "Mere generalities, conclusory assertions and hearsay are insufficient to require a hearing." *Moises v. United States*, 2009 WL 54260, at *6 (S.D.N.Y. Jan. 9, 2009); *Amunthaiyakul v. United States*, 1990 WL 17724, at *2 (S.D.N.Y. Feb. 20, 1990), *aff'd*, 923 F.2d 845 (2d Cir. 1990) ("[Petitioner] has not proffered *any* evidence, other than his own self-interested and conclusory statements, to support his claims"). If the court determines that a factual dispute can be resolved by the submission of additional evidence in lieu of a hearing, the court may "require[] that the record be expanded to include letters, documentary evidence, and, in an appropriate case, even affidavits." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).

In lieu of a hearing on the matter, on December 19, 2016, I ordered the parties to submit evidence regarding whether the 2005 conviction had been or had not been vacated. Based on the evidence submitted in response to the Order to Show Cause (*see* docs. # 8–10), as well as evidence previously provided to me, it is apparent that the records of the case conclusively show that the petitioner is entitled to no relief.

In order to raise an ineffective assistance claim, Negroni must first establish that his 2005 conviction was in fact vacated. The only evidence Negroni submits in support of that conclusion, however, indicates that his 2005 sentence was discharged but the underlying conviction was not vacated. From his motion papers, it appears that Negroni's claims rely on the misapprehension that a discharged sentence is the same thing as a vacated conviction.

Under Connecticut law, the court's authority to order the defendant discharged after the execution of his sentence is found in section 53a-39 of the Connecticut General Statutes. *See* Conn. Gen. Stat. § 53a-39(a) (Trial court may "reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge . . . ."). The function of a discharge is that the defendant is no longer committed to a period of incarceration on account of that conviction. *See, e.g., Torrice v. Comm'r of Correction*, 46 Conn. Supp. 77, 79 (Super. Ct. 1997), *aff'd*, 55 Conn. App. 1 (1999) (referring to petitioner's discharge date as date on which petitioner was to be released from custody). Section 53a-39 does not permit the court to "vacate a criminal judgment after the sentence has been executed." *State v. Luzietti*, 230 Conn. 427, 433–34 (1994). In other words, the discharge of a sentence has no effect on the underlying conviction. *See id.*; *see also* Conn. Gen. Stat. § 53a-34(b) (sentence of unconditional discharge is "for all purposes a final judgment of conviction"). Rather, the proper method for vacating a conviction after execution of the sentence is either by direct appeal, *see Gaines v. Manson*, 194 Conn. 510, 515 (1984), or via a petition for habeas corpus, *see* Conn. Gen. Stat. § 52-466.

The only evidence that Negroni submits in support of his claim that his 2005 conviction has been vacated is: (1) the statement in the PSR that "[o]n August 22, 2008, Mr. Negroni was discharged to special parole supervision and he was discharged by Court order on March 6, 2009," PSR at ¶ 41; and (2) state records indicating that a sentence modification was filed on October 7, 2003, and was disposed of on March 6, 2009. The "Disposition Message" on the state record indicates that Negroni's special parole was terminated on that date.[1] That evidence

---

[1] It not even clear that the March 2009 termination of special parole relates to the 2005 conviction. The state document indicates that the case was initially sentenced and disposed of on October 7, 2003, approximately two years prior to the 2005 conviction that Negroni alleges has been vacated. I need not resolve that apparent discrepancy because, either way, there is no evidence that any of Negroni's convictions has been vacated.

indicates that Negroni's sentence was terminated (or "discharged"), but that his conviction remained undisturbed. Negroni does not provide any evidence of any appellate or civil habeas proceeding that operated to vacate his conviction. Absent such evidence, the fact that the 2005 sentence was discharged does not amount to proof that the conviction was vacated. *See Luzietti*, 230 Conn. at 434.

Absent evidence that his 2005 conviction was vacated at the time of his sentencing in federal court, Negroni cannot show that his counsel was ineffective for failing to properly advise him in connection with the plea agreement. *See Giordano v. United States*, 2015 WL 7777749, at *16 (D. Conn. Dec. 2, 2015) (attorney not ineffective for failing to pursue futile courses of action); *see also Castro-Carlozama v. United States*, 2010 WL 2594317, at *3 (S.D.N.Y. June 16, 2010) (no prejudice to petitioner when counsel failed to undertake futile investigation).[2]

## IV. Conclusion

For the foregoing reasons, the petition is denied. Because Negroni has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue. The Clerk shall enter judgment and close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of August 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[2] The one case cited by Negroni that appears at first glance to be on point is actually related to an issue not raised in this case. *See Carter v. United States*, 731 F. Supp. 2d 262, 278 (D. Conn. 2010). In *Carter*, the Court granted the petition because counsel was ineffective for failing to challenge the use of petitioner's prior convictions to increase his sentence under the Armed Career Criminal Act. That case is different from the instant case in two major respects. First, that case had no appeal waiver because the petitioner was found guilty by a jury and did not receive the benefit of a plea agreement. Second, that case involved a petitioner who was able to show prejudice from the failure of his attorney to challenge the use of his prior conviction at sentencing. For reasons already stated, neither of those circumstances exists in Negroni's case.